The Chancellor.
On the 7th of January, 1860, Robert A. Malone, being seized in fee of a lot of three acres, strict measure, situate in the township of Frankford, by deed of bargain and sale, for the consideration, therein expressed, of $500, conveyed the same in fee simple to Thomas Armstrong, the defendant.
On the 10th of April, 1861, Malone conveyed the same premises, by deed of bargain and sale, to Price, the complainant. The bill alleges that the deed from Malone to Armstrong, though in form an absolute conveyance, was in fact given by way of mortgage to secure a debt of sixty-five dollars, due from Malone to Armstrong for board. The prayer of the bill is, that the conveyance may be declared to be a mortgage, and that the complainant may be allowed to redeem by paying the amount of moneys that may be found due, and which the conveyance was intended to secure; or that the deed may be set aside upon the complainant’s paying the debt and interest, which he proffers himself ready to do.
The further prayer of the bill is, that the defendant may be restrained from proceeding in an action of ejectment commenced at law to recover possession of the premises in dispute. An injunction issued pursuant to the prayer of the bill.
The defendant, by his answer, alleges that the conveyance was not made by way of mortgage, but was an absolute conveyance in consideration of a debt due and of moneys to be *43 advanced, amounting to about four hundred and fifty dollars. He admits that it was verbally agreed, that if the grantor would redeem the land by repaying the entire consideration thus advanced before the first day of April, then next, he should be at liberty so to do. He denies that any part of the consideration was repaid, either by Malone or by the complainant, though before the filing of the bill of complaint he offered to accept from the complainant the amount due from Malone, which constituted the consideration of the conveyance, and claims that in law he is the absolute owner of the premises.
The equity of the complainant’s bill consists in the averments, that the conveyance to the defendant, though absolute upon its face, was in fact a mortgage, and that the defendant, in violation of the rights of the mortgagor, claimed to be the absolute owner, and was attempting to enforce his title by an action at law to recover possession, although the owner of the equity of redemption had offered to pay the entire amount of the mortgage debt with interest.
The answer not only denies that the conveyance was made by way of mortgage, but it denies that sixty-five dollars constituted the entire consideration for the conveyance, and that the moneys actually advanced had over been paid or offered to be paid to the defendant. On the contrary, the answer alleges, that notwithstanding the absolute title of the defendant, he had offered to accept from the complainant the amount due to him with interest before the filing of the bill.
The only ground of equity in the complainant’s bill is, that the defendant is a mortgagee, and the complainant, as the owner of the equity of redemption, entitled to redeem. If the title of the defendant is absolute, it is clear that the complainant has no ground of relief. Assuming the conveyance to be a mortgage, and the complainant entitled to redeem upon the payment of the mortgage debt, is he entitled to the possession of the premises ? The debt was not paid. The mortgage was forfeited. The mortgagee was thereupon entitled to the possession of the mortgaged premises. His *44 right to maintain his action at law was perfect. There is no averment of a tender, or even of an offer to pay thre debt before the action of ejectment was commenced. But waiving all exceptions to the bill upon this ground, the answer avers that the amount of indebtedness was not $65, but $450; that there has been no offer to pay it, but that, on the contrary, before the filing of the bill of complaint, the defendant offered to accept that amount, and the complainant, by his counsel, refused to pay it.
The equity of the bill is fully denied by the answer. The complainant, as mortgagee, is entitled to the possession of the mortgaged premises. While in possession he will be bound to account for the rents and profits, if it eventually appear that the conveyance under which he claims be in fact a mortgage.
The injunction must be dissolved with costs.